UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEOVANNY FUENTES RAMIREZ,<br><br>                             Plaintiff,<br><br>            -against-<br><br>PAM BONDI; ET AL.,<br><br>                             Defendants. | 25-CV-10502 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Geovanny Fuentes Ramirez, who is incarcerated in Florida, paid the filing fees to bring this *pro se* action alleging that Defendants are failing to respond to his records requests under the Freedom of Information Act ("FOIA").[1] The FOIA Chief for the Drug Enforcement Agency ("DEA"), by letter dated May 9, 2024, informed Plaintiff that he should direct his FOIA requests to the DEA office in Springfield, Virginia, and to the Executive Office for the United States Attorneys ("EOUSA") in Washington, D.C. (ECF 1-1 at 29, 32.) Attached to the complaint is Plaintiff's correspondence with those offices. (ECF 1 at 23, 29, 31, 35, 36, 41, 43, 48; ECF 1-1 at 12, 16.)

For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the District of Columbia.

**DISCUSSION**

A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District

---

[1] Even though Plaintiff paid the filing fee, his complaint is still subject to statutory screening under 28 U.S.C. § 1915A.

of Columbia." 5 U.S.C. § 552(a)(4)(B). For venue purposes, an individual resides in the district where the person is "domiciled." 28 U.S.C. § 1391(c)(1).

Plaintiff seeks records from the DEA, located in Springfield, Virginia, and the EOUSA, located in Washington D.C. Therefore, venue for this case could be proper in both the Eastern District of Virginia, 28 U.S.C. § 127(a), and the District of Columbia, 28 U.S.C. § 88. Additionally, the District of Columbia is a proper venue for any FOIA matter. 5 U.S.C. § 552(a)(4)(B). There are no allegations in the complaint suggesting that venue is proper here. Plaintiff does not allege that he resides in this district, that his principal place of business is located here, or that the relevant agency records are situated here.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. In the interest of justice, the Court transfers this action to the United States District Court for the District of Columbia.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Columbia. Local Civil Rule 83.1, directing the Clerk of Court to effectuate transfer seven business days from the date of this order, is waived. A summons shall not issue from this Court. This order closes this case in this Court.

SO ORDERED.

Dated:   December 23, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge